# In the
# United States Court of Appeals
# For the Eleventh Circuit

---

No. 23-13568

---

MELANIE NICOLE MOORE,

                                                         Plaintiff-Appellant,

*versus*

POOCHES OF LARGO, INC.,
d.b.a. Petland,
LUIS MARQUEZ,
Individually and as owner of Pooches of Largo, Inc.,

                                                         Defendants-Appellees.

---

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:20-cv-02184-MSS-SPF

ORDER:

Melanie Moore filed a civil rights complaint with multiple claims against her former employer, Pooches of Largo, Inc. ("Pooches") and Luis Marquez, one of the owners of Pooches. She applied to proceed *in forma pauperis* ("IFP"), which the district court granted. After various pre-trial dispositive motions were resolved, Ms. Moore's action was narrowed to one claim under the Fair Labor Standards Act ("FLSA") and one state law claim for fraudulent representation. After a two-day jury trial, the jury found in favor of Pooches and Mr. Marquez.

Ms. Moore appealed and moved the district court for a copy of the trial's transcripts, asserting that she could not afford their costs. The court denied the motion because Ms. Moore failed to provide sufficient information to the court for the court to determine if the requested transcripts were necessary to decide any non-frivolous issues on appeal. Ms. Moore's IFP status was carried forward on appeal without discussion, and the district court did not make any determination on the frivolity of her appeal.

Ms. Moore now moves this Court for copies of the pretrial and trial transcripts at government expense. In the motion, Ms. Moore writes that she seeks to review the claims adjudicated at trial and needs information from the trial transcripts in order to

prepare her brief. She also states that she is indigent and cannot afford to pay for the transcripts herself.

"Fees for transcripts furnished in other proceedings to persons permitted to appeal *in forma pauperis* shall also be paid by the United States if the trial judge or a circuit judge certifies that the appeal is not frivolous (but presents a substantial question)." 28 U.S.C. § 753(f).

Here, Ms. Moore has IFP status, but § 753(f) still requires certification that her appeal is not frivolous or presents a substantial question in order to obtain transcripts at government expense. *See id.* Based on the available record, Ms. Moore's appeal is not frivolous. She survived multiple stages of litigation, including summary judgment, and her FLSA and fraudulent misrepresentation claims were subsequently adjudicated in a two-day trial. Further, Ms. Moore's desire to challenge the resolution of the claims that proceeded to trial will require review of the trial transcripts for resolution. Thus, given the lengthy procedural history and the necessity of the transcripts for proper resolution of Ms. Moore's potential trial error claims, the motion for transcripts at government expense is GRANTED, and it is hereby certified that this appeal is not frivolous.

_____
UNITED STATES CIRCUIT JUDGE